UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20689-CIV-JORDAN-TORRES

ENRIQUE R. TORRES, in his
individual capacity,

    Plaintiff,

vs.

BACARDI GLOBAL BRANDS PROMOTIONS, INC., a Delaware Corporation,

    Defendant.
_____/

## ORDER ON MOTIONS TO COMPEL, FOR DEFAULT, AND FOR SANCTIONS

This matter came before the Court upon Plaintiff's Motion to Compel and for Sanctions [D.E. 18], Plaintiff's Motion for Default or for Other Sanctions [D.E. 33], and related filings. After careful consideration of the foregoing documents, and the arguments of, and representations made by, counsel at a hearing held on the motion, the Court **grants in part and denies in part** as stated at the hearing. The oral rulings made at the hearing are memorialized herein and summarized below.

    I.    *Motion to Compel and for Sanctions [D.E. 18]*

A central issue in this Fair Labor Standards Act ("FLSA") overtime wages case is Plaintiff's re-designation under 29 U.S.C. § 213(a) from "non-exempt" to "exempt" status by his employer, Defendant Bacardi Global Brands Promotions, Inc. ("BGBPI" or "Defendant"), after his reassignment to a new position in late 1998 or early 1999. Plaintiff is seeking discovery of persons with knowledge of his re-designation, including the

reasons for such designation and the policies underlying such designation. Plaintiff complains in his Motion to Compel and for Sanctions that Defendant's responses to discovery have been evasive, incomplete, and designed to obfuscate the issues raised in this suit.

At the January 26, 2007, hearing on this motion, defense counsel candidly acknowledged that her client had been unable to identify who at the company had made the decision to re-designate Plaintiff as exempt, or what criteria the company employed to make said decision. Defense counsel advised that Defendant's employees had reviewed all files regarding Plaintiff, but nothing in those corporate records showed why the change was made. Moreover, conversations with company employees who might be expected to know had proven fruitless, in that no one knew or recalled the basis for Plaintiff's re-designation. Thus, defense counsel explained, despite the company's reasonable efforts, her client was unable to provide any more information in response to Plaintiff's discovery requests. Defense counsel explicitly recognized that the inability to explain why the designation had been made would likely become a central issue at trial, with Plaintiff exploiting this point and using it to argue that Defendant's actions constituted a willful violation of the FLSA.

Defense counsel orally agreed, and this Court hereby orders, that Defendant shall be estopped from calling a corporate representative at trial to testify as to the reasons why Plaintiff's re-designation occurred. Under federal discovery rules, Defendant had a responsibility to find a corporate representative who could address this issue, and, after looking, it could not. A stipulation precluding the company from presenting evidence on this point remedies the prejudice to Plaintiff which flows from this discovery failure. No

award of monetary sanctions is necessary. Accordingly, the Motion to Compel and for Sanctions [D.E. 18] is **GRANTED in part and DENIED in part**.

## II.    *Motion for Default and or Other Sanctions [D.E. 33]*

Plaintiff's second motion concerns the proper identity of Defendant. Plaintiff sued BGBPI, but "Bacardi U.S.A., Inc., a successor in interest to Bacardi Global Brands Promotions, Inc." answered the complaint. Bacardi U.S.A., Inc. explained that, "[a]s a result of recent intra-corporate mergers which occurred after plaintiff's termination . . . , the named defendant, [BGBPI], is no longer an existing corporate entity," therefore Bacardi U.S.A., Inc. was answering the complaint and preserving "all rights and defenses that would have been available to BGBPI." *See* Defendant's Answer and Affirmative Defenses [D.E. 6] at 1 n.1. Plaintiff asserts that he has not located records on file with the state secretary of state's office documenting that a merger occurred or which otherwise document that BGBPI is no longer a going concern.

Also, as previously mentioned, a central issue in this case is whether Plaintiff was improperly designated exempt upon reassignment to another position. Defendant produced Mark Maki, a Human Resources manager at Bacardi U.S.A., Inc., in response to Plaintiff's Fed. R. Civ. P. 30(b)(6) notice for the corporate representative with the best knowledge of why Plaintiff was re-designated as "exempt" as well as Defendant's guidelines, rules, and or/procedures for determining whether an employee is to be designated exempt or non-exempt, among other topics. *See* Notice of Continuation of Taking Deposition of the Corporate Representative(s) of Defendant [D.E. 32] at 2. However, during his deposition, Mr. Maki was unable to respond to questions about these topics. He stated that he only had knowledge of policies and procedures for Bacardi U.S.A., Inc., and that he did not know whether BGBPI's policies and procedures were

different from Bacardi U.S.A., Inc.'s policies and procedures. According to defense counsel, there was no other corporate representative who could better address these issues.

Based on the foregoing, Plaintiff is concerned about the sufficiency of Defendant's discovery responses and about which entity is the party properly before the Court in this case. Plaintiff seeks sanctions under Fed. R. Civ. P. 37(d) for Defendant's failure to properly designate a representative in response to a 30(b)(6) notice. In answering Plaintiff's interrogatories, Defendant never notified Plaintiff that it had no one to respond to particular areas of inquiry. Thus, as to those areas in which Mr. Maki and other corporate employees who were deposed could not testify, the Court concludes that Plaintiff is entitled to relief. The Court will deem certain facts admitted, in particular, that Defendant does not know why Plaintiff's designation was changed from non-exempt to exempt under the FLSA at the end of 1998/beginning of 1999, or what Defendant's guidelines, rules, and/or procedures were during the relevant time period for determining whether an employee was to be designated as exempt or non-exempt. Moreover, Defendant is precluded from changing its position on these points. These sanctions remedy Defendant's failings here, thus Plaintiff's request for other sanctions is denied. Plaintiff's Motion for Default or for Other Sanctions [D.E. 33] is therefore **GRANTED in part and DENIED in part**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of March, 2007.

 _____
 EDWIN G. TORRES
 United States Magistrate Judge